UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO. 09-391 |
| ALVIN BARNES | SECTION "R" |

## ORDER AND REASONS

Before the Court is defendant's unopposed motion for early termination of supervised release.[1] For the following reasons, the Court grants the motion.

## I.   BACKGROUND

On November 16, 2011, Alvin Barnes pleaded guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B).[2] On March 7, 2012, Judge Stanwood R. Duval, Jr. sentenced Barnes to serve 120 months in the custody of the Federal Bureau of Prisons, to be followed by an eight-year term of supervised release.[3] The case was reassigned to Section R of this Court on February 3, 2017.[4]

---

[1]   R. Doc. 1167.
[2]   R. Doc. 598.
[3]   R. Doc. 1167
[4]   R. Doc. 963.

Barnes was released from prison to a halfway house on March 20, 2018.[5] He was later released from the halfway house and began his term of supervised release on September 20, 2018.[6] Barnes has now completed over four and a half years of his eight-year term of supervised release. Barnes moves for early termination of his term of supervised release.[7] The United States does not oppose the motion.[8]

The Court considers the motion below.

## II.   LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant . . . any time after the expiration of one year of supervised release" after considering enumerated factors set out in 18 U.S.C. § 3553(a). Among the factors a court must weigh are the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, the kinds of sentences and sentencing ranges available, and the need to avoid unwarranted sentencing disparities among similarly situated defendants. *See* 18 U.S.C. § 3553(a). The Court may grant early

---

[5]   R. Doc. 1167 at 2.
[6]   *Id.*
[7]   *Id.*
[8]   R. Doc. 1171.

termination "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court has broad discretion in determining whether to terminate supervised release. *See United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

## III. DISCUSSION

The Court finds that the § 3553(a) factors weigh in favor of terminating Barnes's supervised release. Specifically, the history and characteristics of the defendant weigh in favor of early termination. *See* 18 U.S.C. § 3553(a)(1). Barnes completed his prison term approximately thirty-three months early, and nothing in the record suggests that there were any disciplinary issues on his part while incarcerated. Further, Pat Brewster—Barnes's probation officer—represents that Barnes has maintained consistent employment, has complied with the terms of his supervision, and has not tested positive for illegal substances while on supervised release.[9] There is no indication that Barnes currently poses a risk to the public. Further, Barnes was not a "ringleader" of the criminal conspiracy for which he was convicted. The presentence investigation report ("PSR") reflects that Barnes did not act in a managerial capacity with respect to the criminal conspiracy or exercise

---

9    R. Doc. 1171-1.

supervisory control over the other defendants.[10] Lastly, Barnes's probation officer and the United States do not oppose Barnes's motion.[11]

Having considered the relevant § 3553(a) factors, the Court finds that terminating Barnes's supervised release is warranted by his conduct and serves the interest of justice. 18 U.S.C. § 3583(e)(1). The Court therefore grants Barnes's motion.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for early termination of supervised release.

New Orleans, Louisiana, this __2nd__ day of May, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[10]   R. Doc. 659 at 32.
[11]   R. Doc. 1171.